# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Roger Joseph Foster,

      Petitioner,

v.

Joan Fabian,

      Respondent.

_____

Civil No. 07-cv-4317 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This is a 28 U.S.C. § 2254 habeas action brought by Petitioner Roger Joseph Foster ("Foster"). Foster, a state prisoner incarcerated at the Minnesota Correctional Facility in Stillwater, alleges fifteen habeas claims relating to his 1999 convictions.

The matter is before the Court on the Respondent Joan Fabian's ("Fabian") motion to dismiss (Doc. No. 18) and on Foster's motion for summary judgment (Doc. No. 28). For the reasons set forth below, the Court recommends that Fabian's motion to dismiss be granted in part and denied in part. On Foster's motion for summary judgment, the Court recommends further briefing on the remaining claims in the case.

## I. BACKGROUND[1]

### A. The Underlying Criminal Offenses

In 1999, a St. Louis County, Minnesota jury found Foster guilty of a series of crimes that occurred in the early morning hours of September 25, 1998. The crimes began with the burglary of the Eveleth Bottle Shop, and ended when police apprehended Foster and two others after a

---

[1] The Court notes at the outset that Fabian filed the record in this case in a piecemeal fashion and did not uniformly mark its pages. The Court, therefore, refers to document names and page numbers where necessary.

high-speed chase across the Iron Range.  In between, an Eveleth resident's Chevy Blazer was stolen, a federal vehicle was set ablaze, six handguns were stolen from a Virginia, Minnesota, pawn and gun shop, a convenience store clerk and a bread deliveryman were robbed at gunpoint, and a woman driving to work had to veer onto the sidewalk to avoid being hit during the high speed chase.

The jury found Foster guilty of first and third degree burglary, theft of a motor vehicle, second degree arson, two counts of first degree aggravated robbery, four counts of second degree assault, and possession of a firearm by a felon.

**B.      Trial**

On May 25, 1999, after the jury in Foster's case was sworn, but before opening statements, Foster's attorney informed the trial court that he sought to call four alibi witnesses whose names had not previously been disclosed to the prosecution.  The prosecution objected. The trial court disallowed the witnesses from testifying.  *Trial Tr.*, pp. 44-50; 401-410.  Foster asserts that the testimony of these witnesses would have provided him an alibi defense on the charges involving the liquor store burglary, theft of the Blazer, arson of the federal pickup, and the pawn and gun shop burglary.

On July 19, 1999, after the jury returned a guilty verdict on the eleven offenses set forth above, the trial court sentenced Foster to 249 months in prison.

**C.      The State Court Post-Conviction Proceedings**

**1.      <u>The direct appeal and 2002 petition for post-conviction relief</u>**

On October 13, 2000, Foster appealed his convictions to the Minnesota Court of Appeals. He then requested that his direct appeal be remanded pending the outcome of his petition for

post-conviction relief.  The Minnesota Court of Appeals granted his request, allowing Foster to have all issues decided on appeal from the post-conviction order.

On September 6, 2002, Foster filed a petition for post-conviction relief.  He alleged that his trial counsel was constitutionally ineffective.  Specifically, Foster alleged that he told his lawyer and the lawyer's investigator about his alibi witnesses, including their names and phone numbers, approximately three weeks before the trial, but that defense counsel failed to timely investigate them or disclose them to the prosecution.  In his subsequent memorandum of law, Foster also argued that his sentence was improper, because his conviction for burglary of the pawn and gun shop was not a crime against a person for the purposes of permissive consecutive sentencing under Minnesota's Sentencing Guidelines.

On May 27, 2003, the trial court rejected Foster's ineffective assistance of counsel claim, but granted him sentencing relief based on its conclusion that the pawn and gun shop burglary was not a crime against a person.  It, thus, reduced Foster's sentence from 249 months to 201 months.

Foster then took both his direct appeal of his conviction and the trial court's denial of his post-conviction relief petition to the Minnesota Court of Appeals.  On direct appeal, Foster argued that the evidence was insufficient to sustain his convictions.  On appeal of his post-conviction petition, Foster continued to argue ineffective assistance of counsel due to his trial counsel's failure to timely investigate and disclose his alibi defense.  Foster also filed a pro se supplemental brief raising additional points of error.  On June 8, 2004, the Minnesota Court of Appeals affirmed the trial court in all respects.  *Foster v. State*, No. A03-991, 2004 WL 1244151 (Minn. Ct. App. June 8, 2004).

On August 25, 2004, the Minnesota Supreme Court denied Foster's petition for review.

Foster was represented by counsel throughout the proceedings on his direct appeal and first petition for post-conviction relief.

### 2.    Foster's motion for sentence modification

On March 10, 2005, Foster, no longer represented by counsel, filed a motion under Minnesota Rule of Civil Procedure 27.03 to correct his sentence. Foster alleged that the consecutive sentences imposed upon him by the trial judge violated *Blakely v. Washington*, 542 U.S. 296 (2004), decided after he was sentenced.

On April 21, 2005, the trial court disagreed, and denied Foster's motion. On May 23, 2006, the Minnesota Court of Appeals affirmed. On August 23, 2006, the Minnesota Supreme Court denied Foster's petition for further review.

### 3.    Foster's 2006 petition for post-conviction relief

On February 16, 2006, Foster filed another petition for post-conviction relief. He alleged that he had discovered new evidence supporting his claim of ineffective assistance of counsel, including of his post-conviction counsel. He also alleged that his trial and appellate counsel were ineffective for failing to object to the calculation of his criminal history score under the Minnesota Sentencing Guidelines.

On March 10, 2006, the trial court denied his petition, finding that his claims were raised, or should have been, in his first post-conviction relief petition. It also concluded that his claim of ineffective assistance of appellate counsel was predicated on his trial counsel complaints, and, therefore, failed.

On June 5, 2007, the Minnesota Court of Appeals affirmed the trial court. *Foster v. State*, No. A06-890, 2007 WL 1598992 (Minn. Ct. App. June 5, 2007). On August 21, 2007, the Minnesota Supreme Court denied Foster's petition for review.

4

**D.**     **Foster's Habeas Petition**

Foster filed his federal habeas petition on October 22, 2007, and a first amended petition on June 26, 2008.[2]   He alleges the following fifteen points of error in connection with his criminal convictions:

1)     The state failed to prove his guilt beyond a reasonable doubt on Counts 1 through 4 (the Eveleth Bottle Shop burglary, theft of the Chevy Blazer, arson of the federal pickup, and burglary of the pawn and gun shop) in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution;

2)     His trial counsel was ineffective in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution based on his failure to investigate and give notice of alibi witnesses;

3)     His trial counsel was ineffective in violation of the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution based on his failure to challenge a search warrant for a residence;

4)     His trial counsel was ineffective in violation of the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution based on his failure to challenge a search warrant for a van;

5)     His trial counsel was ineffective under the Sixth and Fourteenth Amendments to the U.S. Constitution based on his failure to request omnibus, pretrial, or *Spreigl* hearings;

6)     His sentence violates the prohibition against double jeopardy in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;

7)     His trial counsel committed prosecutorial misconduct in violation of the Fourteenth Amendment to the U.S. Constitution;

8)     His due process rights under the Fourteenth Amendment to the U.S. Constitution were violated when evidence of his prior contacts with police was admitted at trial;

---

[2] Foster asserts that he could file his amended petition as of right, because Fabian's motion to dismiss did not constitute a responsive pleading under Fed. R. Civ. P. 15(a).  *See* Doc. No. 26. The Court agrees.  *Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978).  It, therefore, considers the sufficiency of Foster's First Amended Petition on this motion.  The issue may be moot in any event, because the Court's comparison of the two petitions revealed no difference between them.

9)      His sentence violates *Blakely*;

10)     The state failed to charge permissive consecutive sentences, violating *Blakely*;

11)     His post-conviction counsel was ineffective under the Sixth and Fourteenth Amendments to the U.S. Constitution for failing to call appropriate witnesses at his post-conviction hearing;

12)     His post-conviction counsel was ineffective under the Sixth and Fourteenth Amendments to the U.S. Constitution for failing to disclose a June 11, 2000, memorandum regarding when trial counsel knew of Foster's alibi defense;

13)     His post-conviction counsel was ineffective under the Sixth and Fourteenth Amendments to the U.S. Constitution for failing to disclose other documents regarding when trial counsel knew of Foster's alibi defense;

14)     His post-conviction and appellate counsel were ineffective under the Sixth and Fourteenth Amendments to the U.S. Constitution for failing to object to Foster's criminal history score calculation under Minnesota's Sentencing Guidelines; and,

15)     His due process rights under the Fourteenth Amendment to the U.S. Constitution were violated when the trial court denied him an evidentiary hearing on his 2006 post-conviction relief petition.

## II.    STANDARD OF REVIEW

A federal court's review of the state court decisions underlying a state prisoner's petition for writ of habeas corpus is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (citation omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth three circumstances where it is appropriate for a federal court to grant a state prisoner's habeas petition: 1) the state court adjudication was contrary to clearly established federal law; 2) the state court adjudication involved an unreasonable application of clearly established federal law; or 3) the state court adjudication was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).[3]

---

[3] The Act states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1)

More pertinent to the motion before the Court, a state prisoner must first exhaust his available state court remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). This gives the state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotations and citation omitted).

AEDPA has a one year statute of limitations applicable to state prisoners seeking to file an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

## III.   ANALYSIS

Fabian has moved to dismiss Foster's petition on two grounds:  1) that it is time-barred; and 2) that he did not exhaust his claims in state court. Fabian did not seek dismissal of Foster's claims on their merits.

Foster has moved for summary judgment on the merits of his claims, and requests that the Court grant his petition.

The Court first considers the two grounds for dismissal Fabian has raised. It then turns to Foster's motion for summary judgment.

### A.   Statute of Limitations

Fabian contends that Foster's habeas petition is time-barred.  AEDPA's one year statute of limitations typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A).   "When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion

---

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

of the ninety days allowed by the Supreme Court for the filing of such a writ." *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (citing *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003)).

> ADEPA has a tolling provision, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A state post-conviction petition is "pending" under this provision during the time it is on appeal in state court. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir. 1999). It is also "pending" during the time period between a state trial court's ruling on a post-conviction petition and the timely filing of an appeal on the petition. *Carey*, 536 U.S. at 219-220. A state post-conviction petition is *not* "pending" for § 2244(d)(2) tolling purposes between the date upon which the challenged criminal judgment became final and the prisoner's filing of a state post-conviction petition. *Boston*, 525 F.3d at 624.

With these § 2244 rules in mind, Foster's criminal judgment of conviction became final on September 23, 2004, ninety days after the Minnesota Supreme Court denied review of his direct appeal.[4] *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Boston*, 525 F.3d at 624. His federal habeas clock then ran for 167 days until March 10, 2005, when he filed his second petition for post-conviction relief, a request for modification of his sentence based on *Blakely*.[5]

---

[4] The Minnesota Supreme Court denied Foster's petition for review of his first petition for post-conviction relief at the same time, because Foster's direct appeal of his judgment of conviction and his first post-conviction relief petition were consolidated. *See Foster*, 2004 WL 1244151 at *3. *See also Nelson v. Hvass*, 280 F.3d 872, 873-874 (8th Cir. 2002).

[5] Fabian does not contend that Foster's sentence modification request raising *Blakely* concerns fails to qualify as an application for post-conviction relief or other collateral review under § 2244(d)(2). The Court, therefore, does not address this issue.

Foster's sentence modification request remained pending in the Minnesota state appellate courts until August 23, 2006, when the Minnesota Supreme Court denied Foster's petition for review on the sentencing issue. *Lawrence*, 549 U.S. at 332 (§ 2244 does not toll AEDPA's one year statute of limitations during the time for filing a writ of certiorari to the Supreme Court after state post-conviction review is complete).

In the meantime, however, Foster filed an overlapping third state petition for post-conviction relief on February 16, 2006. That petition remained pending in Minnesota state court until August 21, 2007, when the Supreme Court denied Foster's petition for review. *Id.*[6] Foster then filed the instant habeas petition on October 22, 2007, 61 days after the Minnesota Supreme Court denied his final collateral review petition.

In total, then, Foster's federal habeas statute of limitation ran for 228 days before he filed his habeas petition. The petition was, therefore timely under 28 U.S.C. § 2244(d)(1).

Fabian appears to argue that Foster's three post-conviction petitions tolled AEDPA's statute of limitations only for the specific issues he raised in each of those petitions. Consequently, Fabian contends that Foster's first state collateral petition tolled AEDPA's statute of limitations for the issues raised in that petition only until August 25, 2004, when the Minnesota Supreme Court denied review of the first petition, along with Foster's direct Appeal. Similarly, he argues that AEDPA tolling occurred for the issues contained in Foster's second state collateral petition only until August 23, 2006, when the Minnesota Supreme Court denied

---

[6] The Court finds that Foster's third petition was "properly filed" under § 2244(d)(2). The trial court dismissed the third petition without an evidentiary hearing based on its conclusion that at least some of Foster's claims were barred because they were raised, or should have been raised, on direct appeal or in prior collateral petitions. It did not dismiss the third petition based on a "filing condition" such as timeliness, the form of the document, or other criteria affecting the court's ability to consider the petition in the first instance. *See Artuz v. Bennett*, 531 U.S. 4, 11 (2000) (habeas petitioner's state collateral petition "properly filed" even though it contained claims that were procedurally barred under state law).

review of that petition.  Finally, he argues that Foster's third petition raised the same issues as his other petitions, and, therefore that those issues are also time-barred.

Fabian's attempt to link § 2244(d)(2) tolling to specific issues does not comport with its plain language.  It states, "The time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward *any* period of limitation under this subsection."   (emphases supplied).  Thus, the provision provides that, so long as the same criminal judgment is under review in state collateral proceedings, the one-year statute of limitations is tolled for all issues later raised in a habeas petition.  *Bishop v. Dormire*, 526 F.3d 382, 384 (8th Cir. 2008) (fact that state post-conviction petition did not raise claims cognizable in federal habeas proceeding of no import to § 2244(d)(2) tolling; petition must only challenge same criminal conviction to trigger tolling) (quoting, inter alia, *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) ("Whether the federal habeas petition contains one or more of the claims raised in the state proceeding does not matter as long as the state proceeding and the federal habeas petition attack the same judgment."); citing *Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) ("holding that issues presented to state court may differ from those presented to federal court but still toll the statute of limitations")).  *See also Rose v. Lundy*, 455 U.S. 509, 520 (1982) (noting goal of AEDPA's exhaustion requirement is to reduce "piecemeal litigation," and "present the court with a single habeas petition").  Provided the same criminal judgment is involved, § 2244(d)(2) specifically states that it tolls the running of "*any*" period of limitation it sets forth.

Accordingly, Fabian's argument that Foster had three separate habeas statute of limitations clocks running during his state collateral proceedings is incorrect.  Federal habeas tolling is not issue-specific.  Foster's second state collateral petition, his sentencing modification

request, tolled his federal habeas clock.  That petition, along with his overlapping third petition, which concerned the same criminal judgment of conviction, continued to toll the habeas clock until shortly before he filed the instant matter.  His petition is, therefore, timely under AEDPA.  Accordingly, the Court recommends denial of the part of Fabian's motion asserting that Foster's claim is time-barred.

**B.     AEDPA § 2254(i) and Exhaustion of State Court Remedies**

Foster raises fifteen challenges to his criminal convictions.  As discussed below, 28 U.S.C. § 2254(i) forecloses three of these challenges, and eight more were not fairly presented to the state court, and are now procedurally barred.  Additionally, the record is unclear whether Foster's prosecutorial misconduct claim was exhausted.  The Court, therefore, addresses the merits of this claim and recommends its denial.  As to the remaining three claims, the Court concludes that Foster properly exhausted them.

**1.     Challenges based on competence of counsel in collateral post-conviction proceedings**

Three of Foster's habeas claims are predicated on the performance of his lawyer during his first petition for post-conviction relief.  In ground eleven of his petition, Foster asserts that his post-conviction counsel failed to call the appropriate witnesses during the evidentiary hearing on his first petition for post-conviction relief.   In ground twelve of his petition, Foster contends that his post-conviction counsel should have introduced a July 11, 2000, memorandum regarding when Foster told his trial counsel about his alibi witnesses.  In ground thirteen of his petition, Foster contends that his post-conviction counsel failed to introduce additional evidence during the post-conviction proceedings pertinent to his ineffective assistance of trial counsel claim.

AEDPA explicitly bars claims based on the ineffective assistance of counsel during collateral post-conviction proceedings, stating:

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

28 U.S.C. § 2254(i). *See also Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

Foster's grounds eleven, twelve, and thirteen fall squarely within this prohibition. Accordingly, they are statutorily precluded, and do not warrant habeas relief.

### 2.   Fair presentment

Fabian generally contends that Foster failed to fairly present all of his claims in state court, and, thus, that he failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

A state prisoner can access federal habeas relief only after exhausting "the remedies available in the courts of the State." *Id.* To do so, "the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotations omitted). Fair presentment requires the prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox*, 398 F.3d at 1031 (quotation omitted). Presenting a "merely similar" claim in state court is insufficient. *Id.*

Where a prisoner has failed to exhaust his state court remedies for a claim, and state procedural rules preclude further state court attempts to address it, the claim is procedurally defaulted. *Coleman,* 501 U.S. at 750; *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). A procedurally defaulted claim will not be considered in a federal habeas proceeding unless the

petitioner can demonstrate cause and prejudice to excuse his procedural default, or a "fundamental miscarriage of justice" if the court declines to consider the claim.  *Id.*  Absent such a showing, dismissal of the defaulted claims with prejudice is appropriate.  *Id.*

As Fabian contends that Foster has failed to exhaust all of his claims, the Court addresses each remaining claim based on the exhaustion standards set forth above.

### a.    Sufficiency of the evidence

Foster contends that the prosecution failed to prove his guilt on the charges of first and third degree burglary, theft of the Chevy Blazer, and arson of the federal pickup.  He contends that the prosecution had no direct evidence of his involvement in these crimes, and that his alibi witnesses were improperly excluded.  He alleges that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated.

Foster did not fairly present this claim to the Minnesota Supreme Court.  *Baldwin*, 541 U.S. at 29.  Foster's June 8, 2004, petition for review in the Minnesota Supreme Court raised the sufficiency of the evidence issue, but not as a federal one.  Rather, he specifically described the issue as whether the Minnesota Court of Appeals complied with the standard of review for a conviction based on circumstantial evidence articulated in *State v. Robinson*, 604 N.W.2d 355, 366 (Minn. 2000).  Foster did not refer to a federal constitutional right, constitutional provision, or case in connection with that claim in his petition, nor did he cite a state case raising a federal constitutional issue.  Thus, the face of the petition did not fairly alert the Minnesota Supreme Court to a federal basis for his sufficiency of the evidence claim.  *Baldwin*, 541 U.S. at 29.

Foster's Minnesota Supreme Court petition contains an appendix, which includes Foster's brief to the Minnesota Court of Appeals on his first appeal.  In this brief, Foster describes his sufficiency of the evidence claim as arising under the federal due process clause.

*Foster's Minnesota Supreme Court Petition* (A03-991), A-42.  It is unlikely that inclusion of this brief in Foster's appendix sufficiently alerted the state court to the federal due process claim. *Kachina v. Minnesota*, Civil No. 06-3661, 2008 WL 2510156, *4 (D. Minn. June 19, 2008) (calling into question this Court's contrary conclusion, and stating that *Baldwin* implies that attachment of a lower court brief to petition is insufficient). *See also Collins v. Wengler*, Civil No. 07-1565 RHK/FLN, 2007 WL 2219393, *10 (D. Minn. July 30, 2007); *Fraction v. Minnesota*, Civil No. 07-3777 DSD/JSM, 2008 WL 5191859, *8 (D. Minn. Dec. 11, 2008) (citing *Voss v. Minnesota*, Civil No. 05-697 ADM/AJB, 2006 WL 1821231, *2 (D. Minn. May 10, 2006)).  *Contra Thibodeau v. Carlson*, Civil No. 06-458 JNE/SRN, 2007 WL 4372960, *3 (D. Minn. Dec. 6, 2007) (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005)).

Regardless, Foster's petition is clear that he did not continue to press a federal claim at the Minnesota Supreme Court.   Rather, he refined his argument, specifically contending that the Minnesota Court of Appeals misapplied Minnesota law.  Consequently, he did not present his sufficiency of the evidence claim as a federal one to the Minnesota Supreme Court.  This claim is, therefore, unexhausted under AEDPA.

Foster can no longer raise this claim in state court.  *State v. Knaffla*, 243 N.W.2d 737, 741 (1976).  The Court finds no basis for deviating from *Knaffla's* general rule.  *See Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995).  Nor does Foster demonstrate a reason to excuse the procedural default or a fundamental miscarriage of justice if the Court declines to consider the claim.  *See e.g. Armstrong*, 418 F.3d at 926.  Foster raised the federal claim in the intermediate appellate court, but subsequently made the strategic decision to refine it as a state law issue only. The Court finds that it is, therefore, procedurally barred, and recommends its dismissal.

**b.      Ineffective assistance of counsel – alibi witnesses**

Foster's second habeas claim is that his trial lawyer was constitutionally ineffective.  He contends that he notified his trial lawyer of four alibi witnesses three weeks before trial, but that he failed to investigate those witnesses or timely disclose them to the prosecution.  Foster alleges that the alibi witnesses would have testified that he was with them during the time period involving the bottle shop and pawn and gun shop burglaries, arson of the federal pickup, and theft of the Chevy Blazer.  Although his lawyer tried to obtain the trial court's leave to call the alibi witnesses after the jury was impaneled, his request was denied.

Foster raised this ineffective assistance of counsel claim at a post-conviction hearing before the Minnesota trial court.  He alleged that his state and federal Sixth Amendment rights had been violated.  At this hearing, two of the four witnesses Foster sought to call at his trial testified that he was with them during the first part of the crime spree for which Foster was ultimately convicted.  The trial court denied relief on the effective assistance of counsel claim, specifically applying *Strickland v. Washington*, 466 U.S. 668 (1984).

Foster appealed, again raising the federal Sixth Amendment issue.  The Minnesota Court of Appeals affirmed the trial court.  *Foster*, 2004 WL 1244151 (Minn. Ct. App. June 8, 2004).

Foster petitioned the Minnesota Supreme Court for review.  In his petition, he sought review of whether he was "denied effective assistance of counsel when his attorney failed to investigate his alibi defense and failed to give timely notice of the defense, thus precluding petitioner from presenting an alibi defense at trial…."  *Foster's Minnesota Supreme Court Petition* (A03-991) at 2.  While Foster described the factual basis of this claim in his petition, and specifically claimed that he was denied the effective assistance of counsel, he did not identify its federal constitutional basis or other federal authority for the claim.

Foster did attach his brief to the Minnesota Court of Appeals in the appendix to his Minnesota Supreme Court petition.  That brief identified the effective assistance of counsel claim as federal in nature.  However, as discussed above, it is unlikely that simply attaching this brief in an appendix to the petition sufficiently alerted the Minnesota Supreme Court to the federal issue.  This may be particularly so here, where Foster referred to the Court of Appeals brief in the body of the petition only to the extent it set forth "[a] detailed statement of the facts…."  *Id.* at 3.  He did not similarly expressly incorporate its legal arguments.  *Fraction*, 2008 WL 5191859 at *8 (holding claim not fairly presented to state court where its federal nature flagged in appellate briefs contained in Minnesota Supreme Court appendix, but petitioner "referred the Supreme Court to those briefs only for a more detailed description of the Statement of the Facts.").

While Foster may not have fairly presented his ineffective assistance of counsel claim by expressly citing the Sixth Amendment to the United States Constitution or other federal authority, the exhaustion scenario here requires the Court's entry into a door the United States Supreme Court opened in *Baldwin*.  In that case an ineffective assistance of counsel claim was also at issue.  In addition to his unsuccessful argument that he had exhausted that claim because it was addressed in the intermediate state appellate court's decision, the prisoner argued that he did not have to specifically cite its federal nature, because the standards for adjudicating the claim were identical under state and federal law.  The Supreme Court declined to reach that issue, however, because it had not been raised below.  541 U.S. at 34.[7]

Subsequently, lower courts, including other judges in this District, have considered the issue *Baldwin* left open.  For example, in *Thibodeau,* 2007 WL 4372960 at *8, the court held that

---

[7] In dissent, Justice Stevens concluded that the Court should have addressed the issue on its merits and determined that the claim was exhausted.  541 U.S. at 34.

a petitioner to the Minnesota Supreme Court exhausted his ineffective assistance of counsel claim, even though he did not cite a federal basis for the claim.  The court reasoned that, "Minnesota state courts apply the same standard to state and federal claims of ineffective assistance of counsel, both of which arise under the Sixth Amendment to the United States Constitution. Thus, construing Baldwin broadly, the Court finds that Petitioner exhausted his federal ineffective assistance of trial counsel claim, and the Court will proceed to the merits." *Id*. In other words, the court concluded that, because the Minnesota and federal standards for an ineffective assistance of counsel claim are identical, the state court necessarily considered the federal claim.  *See also e.g., Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005) (holding that prisoner raised a federal due process claim where his state claim shared the same legal standard); *Brimmer v. Fabian*, Civil No. 04-5005 JNE/SRN, 2006 WL 3804311, *11 n.5 (D. Minn. Dec. 26, 2006).

Similarly, while Foster did not specifically contend that his ineffective assistance of counsel claim was a federal one, it would not have changed the Minnesota Supreme Court's analysis if he had.  The standards for assessing the claim are the same under state and federal law.  *State v. Shoen*, 578 N.W.2d 708, 717 (Minn. 1998).  Thus, the Minnesota Supreme Court's consideration of the claim necessarily encompassed the federal standard.  Accordingly, the Court finds that Foster exhausted his ineffective assistance of counsel claim based on the investigation and disclosure of his alibi witnesses.

### c.      Additional ineffective assistance of counsel claims

In Foster's third, fourth, and fifth grounds for habeas relief, he alleges that his trial counsel was constitutionally ineffective for failing to challenge a search warrant for a residence and a van, and for failing to request various pretrial hearings, including a *Spreigl* hearing.  Foster

did not raise these issues in the post-conviction proceedings before the trial court.  The first time

he raised them was in his pro se brief to the Minnesota Court of Appeals on appeal from the

denial of post-conviction relief.  Consequently, the Minnesota Court of Appeals held that the

issues "have not been preserved for appeal."  *Foster*, 2004 WL 1244151 at *8.

Accordingly, because Foster failed to fairly present these claims to the post-conviction

trial court, they have not been properly exhausted.  *Baldwin*, 541 U.S. at 29.  Minnesota law now

bars Foster from asserting these claims in state court.  *Townsend v. State*, 723 N.W.2d 14, 18, 19

(Minn. 2006) ("a postconviction court will not consider claims that were raised or were known

and could have been raised in an earlier petition for postconviction relief") (citing *Jones v. State*,

671 N.W.2d 743, 746 (Minn. 2003)).  The Court finds no basis for deviating from this rule.  *See*

*Roby*, 531 N.W.2d at 484.

Foster makes no argument regarding cause and actual prejudice to excuse his failure to

properly raise these claims, and the Court finds none.  *See Wyldes v. Hundley*, 69 F.3d 247, 253

(8th Cir. 1995).  The Court, therefore, recommends dismissal of Foster's additional ineffective

assistance of counsel claims.

### d.      Double jeopardy

In his sixth ground for relief, Foster claims that his sentence violates the U.S.

Constitution's double jeopardy prohibition.  He bases his argument on Minn. Stat. § 609.035,

addressing multiple sentences for offenses committed as part of a single behavioral incident.

Foster failed to fairly present this claim as a federal one to the Minnesota state courts.

While he raised a variant of it in his pro se brief to the Minnesota Court of Appeals, he did not

identify it as federal in nature.  *See Foster's Minnesota Supreme Court Petition* (A03-991) at A-

92-102.  Rather, he argued solely that the Court improperly sentenced him under Minn. Stat. §

609.035.  Thus, Foster did not present the claim as a federal one, because its sole basis was the alleged misapplication of a Minnesota statute.  *Baldwin*, 541 U.S. at 29; *Cox*, 398 F.3d at 1031.

Foster can no longer pursue this claim in state court.  *State v. Knaffla*, 243 N.W.2d 737, 741 (1976).  The Court finds no basis for deviating from *Knaffla's* general rule.  *See Roby*, 531 N.W.2d at 484.  Nor does Foster demonstrate a reason to excuse the procedural default or a fundamental miscarriage of justice if the Court declines to consider the claim.  *See e.g. Armstrong*, 418 F.3d at 926.   Accordingly, the Court recommends dismissal of Foster's sixth claim for relief.

### e.        Prosecutorial misconduct

In his seventh habeas claim, Foster alleges that his trial counsel committed prosecutorial misconduct in violation of his due process rights under the Fourteenth Amendment to the United States Constitution.   He bases this claim on the prosecution's addition of an attempted first degree murder and other charges to its complaint after failed plea negotiations.  Foster contends that the addition of these charges punished him for exercising his right to a jury trial.

In his pro se brief to the Minnesota Court of Appeals on his first appeal, Foster identified this claim as based on due process and cited *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978), a case considering the federal due process clause in the context of plea negotiations.  *Foster's Minnesota Supreme Court Petition* (A03-991) at A-75, A-91.   The Court finds that Foster thereby raised a federal due process claim with respect to this issue in the Minnesota Court of Appeals.

His Minnesota Supreme Court petition, however, did not so squarely identify the federal due process claim.  Rather, in his petition for review, Foster expressly described two other issues on the face of the petition, and then stated, "Petitioner requests Supreme Court review of all

issues contained in his pro se supplemental brief to the Court of Appeals." *Id.* at 7.  Foster attached that pro se brief in an appendix to his petition.  As discussed above, the pro se brief fairly presented the federal due process issue.

The question is, therefore, whether Foster fairly presented the claim to the Minnesota Supreme Court when he asked the Supreme Court to review the issues in his pro se brief and attached that brief to his petition in an appendix.  As discussed above, this is a gray area under *Baldwin*.  While *Baldwin* held that a state high court is not required to read beyond the petition for review to identify federal issues, *Baldwin* did not involve the express incorporation and attachment of a pro se brief identifying a federal issue into the petition.  Regardless, the tide of authority in this District, holds that such claims are not exhausted.  *Kachina* 2008 WL 2510156 at *4; *Collins* 2007 WL 2219393 at *10; *Fraction*, 2008 WL 5191859 at *8; *Voss*, 2006 WL 1821231 at *2.

Even if Foster had fairly presented the federal nature of the claim to the Minnesota Supreme Court, the Court finds that it is not a viable claim on its merits under the AEDPA standard of review.   While not expressly discussing *Bordenkircher*, the Minnesota Court of Appeals characterized Foster's claim as "unsupported," and concluded that, "The state acted within its authority in amending the charge."  *Foster*, 2004 WL 1244151 at *8.  The Minnesota Supreme Court denied review.

The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d)(1).  Foster asserts that the state punished him for rejecting its plea offer by amending its complaint to add additional charges.  He cites *Bordenkircher* for the proposition that he should not be punished for doing what the "law plainly allows him to do," i.e. pursue a jury trial.  But *Bordenkircher* squarely held

that a prosecutor's addition of new charges after failed plea negotiations did *not* violate due process where the new charges were disclosed during the negotiations. 434 U.S. at 365. *See also U.S. v. Goodwin*, 457 U.S. 368, 382 (1982) ("This Court in *Bordenkircher* made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."); *U.S. v. Pemberton*, 121 F.3d 1157, 1165 (8th Cir. 1997). The state disclosed its intention to add the new charges and explicitly left its plea offer on the table for another two weeks in light of it. *Foster's Minnesota Supreme Court Petition* (A-03-991), A-119-120. Moreover, as in *Bordenkircher*, Foster does not allege that the state lacked probable cause to add the new charges. *See id.* at 364. Accordingly, even if the merits of this claim are considered, the Court finds no habeas error, and recommends its dismissal.

### f.     Evidentiary error

In his eighth claim for habeas relief, Foster contends that his federal due process rights were violated, because evidence of his prior contacts with law enforcement was admitted during his trial without any objection by his trial counsel.[8]  Although this claim sounds very much like his fifth ground for relief (an ineffective assistance of counsel claim based on trial counsel's failure to request various pretrial hearings, including a *Spreigl* hearing), Foster styles it as one arising under the Fourteenth, rather than the Sixth, Amendment.

Foster did not raise the federal nature of this claim in state court. In his pro se brief to the Minnesota Court of Appeals, Foster framed the issue as a procedural one under state law. Specifically, he asked the Minnesota Court of Appeals to hold that evidence of his prior contacts with police prejudiced his trial where it was "admitted without any pretrial hearing or any

---

[8] Foster alleges that his trial counsel introduced some of this evidence.

Spreigl hearing…." *Foster's Minnesota Supreme Court petition* (A03-991), A-77.  He cited solely state cases regarding admission of such evidence.  He did not cite any federal authority, or any state authority discussing applicable federal authority.  Consequently, he failed to fairly present a federal basis for this claim to the state court.  *Cox*, 398 F.3d at 1031

Foster can no longer pursue this claim in state court.  *Knaffla*, 243 N.W.2d at 741.  The Court finds no basis for deviating from *Knaffla's* general rule.  *See Roby*, 531 N.W.2d at 484.  Nor does Foster demonstrate a reason to excuse the procedural default or a fundamental miscarriage of justice if the Court declines to consider the claim.  *See e.g. Armstrong*, 418 F.3d at 926.  Accordingly, the Court recommends dismissal of Foster's eighth claim for relief.

### g.       Permissive consecutive sentencing

Foster's ninth and tenth grounds for relief are based on his argument that the trial court's imposition of consecutive sentences was impermissibly based on its determination, rather than a jury's, that some of Foster's convictions were crimes against a person under Minnesota's Sentencing Guidelines.  He also argues that the prosecution failed to charge and prove to the jury that such crimes were crimes against a person.  He argues that his rights under the Fifth, Sixth, and Fourteenth Amendments were, therefore, violated.[9]

Foster raised these arguments in his 2005 motion to correct his sentence under Minn. R. Crim. P. 27.03.  He argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely*, 542 U.S. at 305, foreclosed the trial judge from finding facts that increased his sentence beyond the presumptive term.  He also argued that the prosecution was required to charge the conduct underlying the consecutive sentence finding in its complaint.  The trial court denied relief,

---

[9] Fabian acknowledges that Foster "may have" fairly presented his ground nine claim, that the trial judge improperly sentenced him under *Blakely*, to the state courts, but does not outright concede this issue.  *Respondent's memo. of law in support of motion to dismiss*, p. 7.

holding, based on *State v. Senske*, 692 N.W.2d 743 (Minn. Ct. App. 2005), that *Blakely* "does not apply to permissive consecutive sentencing based on a finding that offenses are 'crimes against a person.'"

The Minnesota Court of Appeals agreed, opining that, "Appellant received consecutive sentences for multiple offenses, but he did not receive an upward durational departure.  We have held that permissive consecutive sentencing under the Minnesota Sentencing Guidelines does not implicate a defendant's right to a jury trial under *Blakely*."  (citing *State v. Rannow*, 703 N.W.2d 575, 581 (Minn. Ct. App. 2005); *Senske*, 692 N.W.2d at 749).

In his petition for review to the Minnesota Supreme Court, Foster again raised the federal issue, citing *Apprendi* and *Blakely*.  The Minnesota Supreme Court denied review.

Given his presentment of these issues as federal in nature throughout his state court Rule 27 motion and appeal, the Court finds that Foster exhausted his two claims predicated on *Blakely*.  *Baldwin*, 541 U.S. at 29.

### h.    Ineffective assistance of counsel – criminal history score

Foster's fourteenth ground for habeas relief is that both his trial and appellate counsel were constitutionally ineffective, because they failed to object to his criminal history score under Minnesota's Sentencing Guidelines.

Foster raised this issue for the first time in his 2006 petition for post-conviction relief. While he generally characterized it as a federal ineffective assistance claim in his brief to the trial court, he analyzed the issue by explaining how the criminal history score was incorrect, not by describing how his counsel was ineffective.   The trial court denied his petition without an evidentiary hearing.   It found that, as to trial counsel, Foster's claim was barred, because he could have raised it earlier.   Addressing Foster's ineffective assistance claim regarding his

appellate counsel, the trial court held that, because Foster could not establish a claim against his trial counsel, his claim against appellate counsel automatically failed.

On appeal to the Minnesota Court of Appeals, Foster stated that he sought review of the trial court's denial of an evidentiary hearing on his post-conviction claims, including "multiple claims of ineffective assistance of counsel dealing with Appellant's right to be sentenced properly under Minnesota Sentencing Guidelines." *Foster's Cover Letter Argument* (July 6, 2006), pp. 2, 3-4.   The Minnesota Court of Appeals held that Foster failed to show how the errors he alleged in the calculation of his score affected his sentence.   It also held that he had failed to raise the criminal history score issue in his prior appeal and post-conviction relief petitions.   The Minnesota Court of Appeals did not address the criminal history score as a predicate for an ineffective assistance of counsel claim.

In his petition to the Minnesota Supreme Court, Foster again framed the issue differently, this time arguing that the post-conviction court erred by not granting him a new trial due to "erroneous calculation of his criminal history score."   *Foster's petition to the Minnesota Supreme Court* (A06-890), p. 3.   His petition also generally asserts that he was denied the effective assistance of trial counsel, but does not explain how.   *Id.* at 1.

The Court finds that Foster failed to raise his ineffective assistance of counsel claim before the Minnesota Court of Appeals.   His appeal in that court sought review only of the trial court's denial of an evidentiary hearing on his ineffective assistance and other claims, not review of those claims themselves.   As Foster stated, "The record at this time is not sufficiently developed to address Appellant's claims on appeal.   Appellant must have an evidentiary hearing to develop a record…."   *Foster's Cover Letter Argument* at 3.   He did not, therefore, fairly

present the merits of the ineffective assistance of counsel claim to the Minnesota Court of Appeals.[10]

Finally, even if he had fairly presented this claim, the state courts concluded that, however characterized, it was barred under Minnesota law, because it was not raised earlier. *See Knaffla*, 243 N.W.2d at 741; *Henderson v. State*, 675 N.W.2d 318, 323 (Minn. 2004). The Court finds no basis for deviating from *Knaffla's* general rule. *See Roby*, 531 N.W.2d at 484. Foster has not demonstrated cause and prejudice regarding this default, and, consequently, the Court recommends dismissal of this claim. *See e.g., Armstrong*, 418 F.3d at 926.

### i.      Evidentiary hearing on 2006 post-conviction petition

Foster's fifteenth, and final, ground for relief is that the trial court's denial of an evidentiary hearing on his 2006 post-conviction petition denied him due process under the Fourteenth Amendment to the United States Constitution. While Foster identified this issue in his appeal to the Minnesota Court of Appeals, he did not identify it as a federal one. Rather, the question he posed to the Minnesota Court of Appeals was whether the trial judge "abused his discretion" by denying an evidentiary hearing on his claims. *Foster's Cover Letter Argument* at 1. He did not cite a federal constitutional provision or other federal authority underlying his argument. Foster, therefore, failed to fairly present this issue to the Minnesota Court of Appeals.

Foster can no longer pursue this claim in state court. *State v. Knaffla*, 243 N.W.2d 737, 741 (1976). The Court finds no basis for deviating from *Knaffla's* general rule. *See Roby*, 531

---

[10] It is also doubtful that Foster fairly presented his ineffective assistance claims to the Minnesota Supreme Court. Unlike his ineffective assistance claim based on his alibi defense, in his third Minnesota Supreme Court petition, Foster failed to explain the factual basis for his ineffective assistance of counsel allegation. Rather, he described how his criminal history score was erroneously calculated, not how his counsel failed him in that regard. The Court's decision need not, however, turn on this ground, as Foster did not present the ineffective assistance claim on its merits to the Minnesota Court of Appeals. *Baldwin*, 541 U.S. at 29 (prisoner must fairly present his claim at each stage of appeal).

N.W.2d at 484.    Nor does Foster demonstrate a reason to excuse the procedural default or a fundamental miscarriage of justice if the Court declines to consider the claim.   *See e.g. Armstrong*, 418 F.3d at 926.   Accordingly, the Court recommends dismissal of Foster's fifteenth claim for relief.

### C.    Foster's Motion for Summary Judgment

Three of Foster's claims survive Fabian's motion to dismiss.   Specifically, grounds two (ineffective assistance of trial counsel for failure to investigate and disclose alibi witnesses), and nine and ten (challenging the constitutionally of Foster's sentence under *Blakely*), remain for the Court's consideration on the merits.   While Fabian's motion raised only statute of limitations and exhaustion issues, Foster's subsequent summary judgment motion sought resolution of the merits of his claims.[11]

Fabian has not responded to Foster's summary judgment motion.    The Court recommends that she be provided the opportunity to do so before it reaches the merits of the remaining issues.   In addition to any additional arguments Fabian seeks to include, the Court requests that she specifically address the issue of when Foster's trial counsel and his investigator learned of his alibi witnesses, as well as *Strickland*'s reasonableness and prejudice prongs.   *See* 466 U.S. at 688, 692.

The Court also recommends that Foster's trial counsel be invited to submit an affidavit regarding when Foster informed him of his alibi witnesses and the other circumstances underlying Foster's remaining ineffective assistance of counsel claim.   *See United States v. Smith*, 378 F.3d 754, 755 (8th Cir. 2004) (suggesting that trial counsel should be "permitt[ed] . . . an opportunity to respond" to ineffective-assistance claim), *vacated on other grounds*, 543 U.S.

---

[11] Foster's motion notes that he has 19 months left on his sentence, and requests the Court's accelerated review of his claims.

1136 (2005); *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (generally speaking, "a district court facing the question of constitutional ineffectiveness of counsel should . . . offer the assertedly ineffective attorney an opportunity to be heard and to present evidence….").

## III.   RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

A       Fabian's motion to dismiss (Doc. No. 18) be granted in part and denied in part as set forth in the body of this Report and Recommendation;

B.      Fabian file a memorandum of law addressing the merits of the remaining issues in the case no later than 21 days after the District Court's adoption of this Report and Recommendation;

C.      Foster's trial counsel, Todd Deal, be invited to submit an affidavit responding to Foster's remaining ineffective assistance of counsel claim.

Dated:  January 28, 2009                                 s/ *Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 12, 2009**.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The District Court shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.