# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ROGER JOSEPH FOSTER,

Civil No. 07-4317 (JRT/JJG)

Petitioner,

v.

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

JOAN FABIAN,

Respondent.

---

Roger Joseph Foster, #169477, Minnesota Correctional Fcility-Stillwater, 970 Pickett Street North, Bayport, MN, 55002-1490, petitioner *pro se*.

Gary W. Bjorkland, Assistant County Attorney, **ST. LOUIS COUNTY ATTORNEY**, 100 North Fifth Avenue West, Suite 501, Duluth, MN 55802-1298; Peter R. Marker and Tibor M. Gallo, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

Petitioner Roger Joseph Foster, who is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota, brought this petition for habeas corpus under 28 U.S.C. § 2254. Respondent Joan Fabian filed a motion to dismiss Foster's habeas petition, and Foster moved for summary judgment. In a Report and Recommendation filed on January 28, 2009, United States Magistrate Judge Jeanne J. Graham recommended that the Court grant in part and deny in part Fabian's motion to dismiss and direct Fabian to file a memorandum of law addressing Foster's summary judgment arguments on his remaining claims. Foster filed objections to the Report and Recommendation, which the Court reviews *de novo*, 28 U.S.C. § 636(b)(1)(C) and D.

Minn. LR 72.2.  For the reasons stated below, the Court overrules Foster's objections and adopts the Report and Recommendation.

# BACKGROUND[1]

## I.    UNDERLYING CRIMINAL OFFENSES AND TRIAL

In 1999, a St. Louis County, Minnesota, jury found Foster guilty of a series of crimes that occurred in the early morning hours of September 25, 1998.  The crimes began with the burglary of a liquor store, the Eveleth Bottle Shop, and ended when police apprehended Foster and two others after a high-speed chase across the Iron Range.  In between, an Eveleth, Minnesota, resident's Chevy Blazer was stolen, a federal vehicle was set ablaze, six handguns were stolen from a Virginia, Minnesota, pawn and gun shop, a convenience store clerk and a bread deliveryman were robbed at gunpoint, and a woman driving to work had to veer onto the sidewalk to avoid being hit.

On May 25, 1999, after the jury in Foster's case was sworn, but before opening statements, Foster's attorney informed the trial court that he wished to call four alibi witnesses whose names had not previously been disclosed to the prosecution.  The prosecution objected and the trial court disallowed the witnesses from testifying.  Foster asserts that the testimony of these witnesses would have provided him an alibi defense for charges involving the burglary of the liquor store, theft of the Blazer, arson of the federal vehicle, and burglary of the pawn and gun shop.  The jury eventually found Foster guilty of first and third degree burglary, theft of a motor vehicle, second degree arson, two

---

[1] The facts are repeated below to the extent necessary to rule on Foster's objections.  A full recitation of the facts is included in the Magistrate Judge's Report and Recommendation. (Docket No. 37.)

counts of first degree aggravated robbery, four counts of second degree assault, and possession of a firearm by a felon.  On July 19, 1999, the trial court sentenced Foster to 249 months in prison.

## II.      STATE COURT POST-CONVICTION PROCEEDINGS

On October 13, 2000, Foster appealed his convictions to the Minnesota Court of Appeals.  The Minnesota Court of Appeals thereafter granted Foster's request to remand the direct appeal pending the outcome of Foster's petition to the trial court for post-conviction relief.

In his first petition for post-conviction relief, which was filed on September 6, 2002, Foster alleged that his trial counsel was constitutionally ineffective because Foster alleges that he informed his lawyer, Todd Deal, about alibi witnesses approximately three weeks before the trial, but Foster's defense counsel failed to investigate them or disclose them to the prosecution.  Foster also alleged that his sentence was improper because his conviction for burglary of the pawn and gun shop was not a crime against a person for the purposes of permissive consecutive sentencing under Minnesota's Sentencing Guidelines.  On May 27, 2003, the trial court rejected Foster's ineffective assistance of counsel claim, but reduced Foster's sentence to 201 months after finding that the burglary of the pawn and gun shop was not a crime against a person.

Foster subsequently took his direct appeal of his convictions and appeal of the trial court's denial of his post-conviction relief to the Minnesota Court of Appeals.  On direct appeal, Foster argued that the evidence was insufficient to permit a jury to return guilty verdicts against him.  On appeal of his post-conviction petition, Foster argued that his

trial counsel was constitutionally ineffective for failure to investigate and disclose alibi witnesses. Further, Foster filed a *pro se* supplemental brief raising additional points of error. On June 8, 2004, the Minnesota Court of Appeals affirmed the trial court in all respects. *Foster v. State*, No. A03-991, 2004 WL 1244151 (Minn. Ct. App. June 8, 2004). On August 25, 2004, the Minnesota Supreme Court denied Foster's petition for review. Foster was represented by counsel throughout these proceedings.

On March 10, 2005, Foster, no longer represented by counsel, filed a motion with the trial court to correct his sentence, alleging that the consecutive sentences imposed on him by the trial judge violated *Blakely v. Washington*, 542 U.S. 296 (2004), which was decided after Foster was sentenced. On April 21, 2005, the trial court denied Foster's motion; on May 23, 2006, the Minnesota Court of Appeals affirmed; and on August 23, 2006, the Minnesota Supreme Court denied Foster's petition for further review.

On February 16, 2006, Foster filed a second petition for post-conviction relief, alleging that he discovered new evidence supporting his claim of ineffective assistance of trial counsel, and bringing ineffective assistance claims regarding his post-conviction counsel. Foster also alleged that his trial and appellate counsel were ineffective for failing to object to the calculation of his criminal history score under the Minnesota Sentencing Guidelines. On March 10, 2006, the trial court denied relief, finding that the claims were or should have been raised in the first post-conviction relief petition. The trial court also concluded that the ineffective assistance of counsel claim failed because it was based on his complaints about Foster's trial counsel. On June 5, 2007, the Minnesota Court of Appeals affirmed, *Foster v. State*, No. A06-890, 2007 WL 1598992 (Minn. Ct.

App. June 5, 2007), and on August 21, 2007, the Minnesota Supreme Court denied Foster's petition for review.

Foster filed this federal habeas petition, alleging fifteen points of error in connection with his criminal convictions. Fabian filed a motion to dismiss all fifteen claims, and the Magistrate Judge denied the motion to dismiss ground two (ineffective assistance of trial counsel for failure to investigate and give notice of alibi witnesses) and grounds nine and ten (claiming that his sentence violated *Blakely*), but granted Fabian's motion as to the remaining twelve points.[2] The Magistrate Judge also recommended that this Court direct Fabian to respond to the merits of Foster's claims that survived the motion to dismiss. Foster now objects to the Magistrate Judge's conclusions regarding the claims that were dismissed.

## DISCUSSION

## I.   STANDARD OF REVIEW

Habeas corpus relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

---

[2] The Magistrate Judge also concluded that Foster's federal habeas petition was not time-barred by the statute of limitations as provided in 28 U.S.C. § 2244(d)(1).

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

A state prisoner must first exhaust state court remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  This gives the state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citation omitted).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Fair presentment requires that prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (internal quotation marks omitted). However, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."  *Id.* (internal quotation marks omitted).  Further, a federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted.  A claim is

unexhausted if it has not been fairly presented in one complete round of the state's established appellate review process, *O'Sullivan*, 526 U.S. at 845, but the petitioner has the right, under state law, to raise the claim by any available procedure.   28 U.S.C. § 2254(c).   A constitutional claim is procedurally defaulted if the state prisoner fails to exhaust his state court remedies with respect to that claim and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Federal habeas review is barred unless the prisoner can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  *Id.*

## II.     OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Magistrate Judge denied Fabian's motion to dismiss three of Foster's claims, finding that Foster had properly exhausted his state court remedies for those claims.  The Magistrate Judge, however, recommended dismissing the remaining twelve claims, and Foster now objects to those conclusions.

### A.     Ineffective Assistance of Counsel in Post-Conviction Proceedings (Grounds 11, 12, and 13)

Grounds 11, 12, and 13 of Foster's petition for habeas relief are based on claims of ineffective assistance of counsel during Foster's first petition for post-conviction relief. Foster alleges that his post-conviction counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution by failing to call at his post-conviction hearing appropriate witnesses and failing to disclose a June 11, 2000,

memorandum and other documents addressing when trial counsel knew of Foster's alibi defense.  The Magistrate Judge concluded that 28 U.S.C. § 2254 prohibited Foster from seeking habeas relief on those claims.

In support of the conclusion, the Magistrate Judge noted that under 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under [this] section."   Foster argues, however, that the post-conviction proceedings were not collateral proceedings and claims that the Fourteenth Amendment entitles him to "effective[] assistance of counsel on first appeal."   (Pet.'s Objections, Docket No. 38, at 1 (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)).   Putting aside the question of whether Foster's post-conviction relief proceedings constituted **collateral** proceedings, Grounds 11, 12, and 13 still fail.

In *Clay v. Bowersox*, the Eighth Circuit held that "[t]here is no federal constitutional right to the effective assistance of post-conviction counsel."  367 F.3d 993, 1005 (8th Cir. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). *Bowersox* also provided an instructive distinction between the right to effective assistance of counsel on direct appeal as opposed to the right to effective assistance of counsel in post-conviction proceedings.   In cases where a direct appeal and an appeal from post-conviction relief are consolidated before an appellate court, the appellant is only "'entitled to effective assistance of counsel on that portion of the hybrid appeal that was devoted to direct-appeal issues because he has no right to effective assistance of counsel on that portion of the hybrid appeal devoted to the appeal of his [post-conviction]

claims.'"  *Id.* (quoting *Lowe-Bey v. Groose,* 28 F.3d 816, 820 (8th Cir.), *cert. denied,* 513 U.S. 1061 (1994)); *see also Coleman*, 501 U.S. at 752.

Under these claims, Foster argues that his **post-conviction** counsel was ineffective and does not argue that his counsel on direct appeal was ineffective.  Because there is no federal constitutional right to effective assistance of post-conviction counsel, however, Foster may not seek habeas relief under such claims.  Accordingly, grounds 11, 12, and 13 of Foster's habeas petition must be dismissed.

### B.    Sufficiency of the Evidence to Support a Jury Verdict (Ground 1)

Foster contends in ground 1 of his habeas petition that the State failed to prove his guilt beyond a reasonable doubt as to the Eveleth Bottle Shop burglary, the theft of the Chevy Blazer, the arson of the federal vehicle, and the burglary of the pawn and gun shop.  Specifically, Foster claims that the prosecution did not present direct evidence of his involvement in those crimes and that the court improperly excluded alibi witnesses in violation of the Sixth and Fourteenth Amendments.  The Magistrate Judge concluded that Foster's claim was procedurally defaulted because he failed to present the sufficiency-of-evidence claim to the Minnesota Supreme Court as a federal claim.   (Report and Recommendation, Docket No. 37 at 13-14.)  Foster objects to that conclusion, arguing that he fairly presented his claim to the Minnesota Supreme Court by citing *State v. Robinson*, 604 N.W.2d 355 (Minn. 2000), in his June 8, 2004 petition for review.

*Robinson*, however, does not raise a pertinent federal constitutional issue.  Rather, *Robinson* addresses the Minnesota state standard of review of whether evidence is sufficient to support a jury verdict.  *Robinson*, 604 N.W.2d at 366 ("We carefully review

the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jury to reach its verdict.").

Thus, the Court agrees with the Magistrate Judge that Foster did not exhaust this claim because it was not fairly presented to the Minnesota Supreme Court. Moreover, under *State v. Knaffla*, Foster can no longer raise this claim in state court. 243 N.W.2d 737, 741 (Minn. 2007) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). As a consequence, this claim is procedurally defaulted.

Moreover, Foster fails to identify cause and prejudice to excuse the default or to demonstrate any fundamental miscarriage of justice. Foster does not individually identify cause and prejudice for each of his procedurally defaulted claims. Instead, Foster argues generally that cause and actual prejudice (as to all claims) are demonstrated by the "two-pronged *Strickland* test." (Pet's Objections, Docket No. 38 at 6.) That is, it appears that Foster argues that he should be excused from the procedural defaults by virtue of general ineffective assistance of counsel. The Supreme Court has held that:

> "[C]ause" under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard."

*Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis original)) (citations omitted).  Notably, "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State."  *Carrier*, 477 U.S. at 488.  Here, however, Foster has not identified any instance in which the alleged constitutional ineffectiveness of his counsel caused this or any other claim to be procedurally defaulted.

Foster also argues that his status as a *pro se* petitioner may result in a grossly unfair outcome in these proceedings.  Although the Court is cognizant of Foster's *pro se* status, Foster must still tie the Court's refusal to consider a procedurally defaulted claim to some resulting miscarriage of justice.  Here, Foster failed to demonstrate that a fundamental miscarriage of justice will result if the Court fails to consider this or any other procedurally defaulted claim.

Accordingly, the Court agrees with the Magistrate Judge that Foster's claim of error under ground 1 must be dismissed.

### C.     Ineffective Assistance of Trial Counsel (Grounds 3, 4, and 5)

Under grounds 3, 4, and 5, Foster argues that he is entitled to habeas relief based on ineffective assistance of his trial counsel.  Specifically, Foster alleges that his Fourth, Sixth, and Fourteenth Amendment rights were violated because his trial counsel failed to challenge search warrants for his residence and for a van, and alleges that his Sixth and Fourteenth Amendment rights were violated because his trial counsel did not request pretrial hearings.  The Magistrate Judge found that these three issues were not raised in the initial post-conviction proceedings before the trial court and therefore concluded that

Foster failed to fairly present these claims.  Foster argues, as he did regarding grounds 11, 12, and 13, that the post-conviction proceedings were not collateral proceedings and were instead "only a port to supplement the record for [his] first appeal."  (Pet.'s Objections, Docket No. 38 at 2.)

Regardless of whether the post-conviction proceedings were collateral, Foster's claims under grounds 3, 4, and 5 must be dismissed.  In his appeal to the Minnesota Court of Appeals, Foster filed a *pro se* brief alleging these grounds for error, but the appellate court determined that those claims were not raised in the petition for post-conviction relief, and were thus "not . . . preserved for appeal."  *Foster*, 2004 WL 1244151 at *8. After review of Foster's initial petition for post-conviction relief, the Court finds that Foster failed to properly raise these federal claims, *see e.g., Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006) ("[A] postconviction court will not consider claims that were raised or were known and could have been raised in an earlier petition for postconviction relief."), and that Foster may no longer bring these claims in state court under *Knaffla*.

These claims are thus procedurally defaulted and Foster has not persuasively argued that he should be excused from properly raising these claims or that a miscarriage of justice will result from a failure to consider these claims.  Accordingly, grounds 3, 4, and 5 must be dismissed.

### D.    Double Jeopardy (Ground 6)

Under ground 6 of his habeas petition, Foster argues that his sentence violates the prohibition on double jeopardy as provided for in the Fifth and Fourteenth Amendments.

The Magistrate Judge found that Foster failed to properly raise this as a federal claim in his *pro se* brief to the Minnesota Court of Appeals, however, because Foster based his arguments solely on Minn. Stat. § 609.035, which addresses multiple sentences for offenses committed as part of a single behavioral incident.

Foster responds that he fairly presented his federal claim to the Minnesota Supreme Court by citing *State v. Barnes*, 618 N.W.2d 805 (Minn. Ct. App. 2000). The reference to *Barnes*, however, is unhelpful because *Barnes* raises no federal issue regarding double jeopardy claims. Rather, *Barnes* examines only the Minnesota double jeopardy statute and Minnesota state cases addressing that statute. *Barnes*, 618 N.W.2d at 813-14. Thus, Foster did not fairly present any federal double jeopardy question to the Minnesota Supreme Court and he may no longer raise this claim in state court under *Knaffla*. Further, Foster has not demonstrated an excuse for the procedural default, or that a fundamental miscarriage of justice would result from this Court's failure to consider his claim. Accordingly, ground 6 of Foster's petition for habeas corpus must be dismissed.

### E.    Prosecutorial Misconduct (Ground 7)

In his seventh claim for habeas relief, Foster alleges that his trial counsel committed prosecutorial conduct in violation of the Fourteenth Amendment. Specifically, Foster alleges that the prosecution's addition of an attempted first degree murder charge and other charges to its complaint after failed plea negotiations punished him for exercising his right to a jury trial. The Magistrate Judge concluded that ground 7 should be dismissed because Foster did not fairly present a federal due process claim to

the Minnesota Supreme Court and, in the alternative, that Foster does not present a viable claim on the merits.

Foster does not raise a substantive objection to the Magistrate Judge's conclusions, but instead refers the Court to exhibits to his memorandum of law in support of the federal habeas petition. Those exhibits include letters from the St. Louis County Attorney and Foster's federal defender describing the prosecution's intent to amend the complaint to include a charge of first degree attempted murder after Foster's rejection of the State's plea proposal. (Docket No. 26, Exs. 15-16.)

In his *pro se* supplemental brief to the Minnesota Court of Appeals, Foster raised a federal due process claim in connection with his prosecutorial misconduct allegations, citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The Minnesota Court of Appeals, without explicitly addressing *Bordenkircher*, found that Foster's claim was "unsupported" and that "the state acted within its authority in amending the charge." *Foster*, 2004 WL 1244151 at *8. Foster petitioned the Minnesota Supreme Court for review, although Foster did not identify the federal due process claim in his petition. Rather, Foster stated, "Petitioner requests the Supreme Court review of all issues contained in his pro se supplemental brief to the Court of Appeals," which was attached as an appendix to his petition.

A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. Moreover, as other Courts in this District

have held, "incorporation" of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion. *See Kachina v. Minnesota*, No. 06-3661, 2008 WL 2510156, at *4 (D. Minn. June 19, 2008); *see also Fraction v. Minnesota*, No. 07-3777, 2008 WL 5191859, at *8 (D. Minn. Dec. 11, 2008); *Collins v. Wengler*, No. 07-1565, 2007 WL 2219393, at *10 (D. Minn. July 30, 2007); *Voss v. Minnesota*, No. 05-697, 2006 WL 1821231, at *2 (D. Minn. May 10, 2006). Here, Foster failed to identify any federal claim in his petition for review from the Minnesota Supreme Court, and in these circumstances the Court finds that mere incorporation of Foster's supplemental brief to the intermediate court of appeals in an appendix is insufficient to fairly present the issue to the state supreme court.

Foster did not exhaust this claim and may no longer bring it in state court. Accordingly, the Court finds that this claim was procedurally defaulted. Foster has not demonstrated cause and prejudice or that a miscarriage of justice would result from declining to consider this claim, and ground 7 must therefore be dismissed.

### F.    Evidentiary Error and Due Process (Ground 8)

Foster also seeks habeas relief on the basis that his Fourteenth Amendment due process rights were violated by virtue of the prosecution's presentation of evidence at trial that Foster had previous contacts with law enforcement. The Magistrate Judge concluded that this claim was procedurally defaulted because Foster raised this evidentiary issue to the Minnesota Court of Appeals as a question of state procedural law, rather than a federal claim. Foster objects to this conclusion, arguing that he cited "at

least one state case" in his *pro se* petition to the Minnesota Supreme Court that raised a pertinent federal constitutional issue.

The substance of Foster's petition to the Minnesota Supreme Court, however, is not dispositive to the question of procedural default on this claim.  Instead, the Court examined the briefs to the Minnesota Court of Appeals to determine whether Foster fairly presented a federal claim to that court.  Foster clearly based his arguments regarding this claim on state procedural law, alleging a violation of the Minnesota Rules of Criminal Procedure § 31.02 and only citing state cases addressing state law in support of his arguments.  (*See* Appellant's *Pro Se* Supplemental Brief at iv, 8-9.)

Because Foster did not fairly present his claim to the intermediate appellate court, Foster did not exhaust all available state remedies.  Further, Foster may no longer bring this claim in state court, *see Knaffla*, 243 N.W.2d at 741, and he has not demonstrated that his failure to raise a federal claim to the Minnesota Court of Appeals should be excused or that a miscarriage of justice will result from failure to consider this claim.  Accordingly, Foster's eighth claim must be dismissed.

### G.    Ineffective Assistance of Counsel, Criminal History Score (Ground 14)

Foster further alleges that he is entitled to habeas relief because his trial and appellate counsel were ineffective under the Sixth and Fourteenth Amendments by failing to object to Foster's criminal history score calculation under Minnesota Sentencing Guidelines.  Specifically, Foster alleges "[d]enial of effective assistance of Appellate Counsel and Trial Counsel when both attorney's [sic] failed to assert Foster's right to be sentenced pursuant to the Minnesota Sentencing Guidelines."  (Petitioner's Supp. Mem.,

Docket No., 26 at 31.)  Foster then alleges that his criminal history score was improperly calculated by the state district court, although he does not tie that improper calculation to any ineffective assistance of counsel.  Notably, Foster did not raise this claim until he filed his second petition for post-conviction relief in February 2006.

The Magistrate Judge concluded that Foster failed to fairly present his ineffective assistance of counsel claim before the Minnesota Court of Appeals.  The Magistrate Judge found that the claim was further precluded because the state courts concluded that the claim was barred under Minnesota law because it was not raised prior to Foster's second petition for post-conviction relief.  Foster responds that he properly raised his ineffective assistance claims with the Minnesota Court of Appeals by filing a cover letter with that court stating his reliance on his arguments from his brief to the trial court on the issue.  *See* Minn. Civ. App. P. 128.01, subd. 2 ("If counsel elects, in the statement of the case, to rely upon memoranda submitted to the trial court supplemented by a short letter argument, the submission shall be covered and may be informally bound by stapling.")

Assuming without deciding that Foster's cover letter to the Minnesota Court of Appeals appropriately incorporated arguments from Foster's memorandum in support of his second petition for post-conviction relief, Foster did not present a federal claim for ineffective assistance of counsel to the trial court.  Foster's memorandum repeats his allegations from the first petition for post-conviction relief to the extent that "new" facts emerged regarding Foster's trial counsel's knowledge of alibi witnesses.  (Pet.'s Mem. in Supp. of Petition for Post-Conviction Relief, Docket No. 32, Ex. 10.)  Foster fails, however, to link the constitutional ineffective assistance of trial counsel to his sentencing

claims, instead merely requesting that the district court "correct his sentence for a sentence consistent with the Minnesota Sentencing Guidelines." (*Id.* at 3.)   In those circumstances, the Court finds that Foster failed to fairly present his claim to the trial court that trial or appellate counsel was ineffective in failing to ensure that Foster was sentenced properly.   Although Foster continued to assert that he was denied "ineffective assistance of counsel" in appeals to the Minnesota Court of Appeals and the Minnesota Supreme Court, Foster failed to link that claim to his trial or appellate counsels' ineffectiveness in addressing the appropriate sentencing guidelines.

Foster did not exhaust this claim and may not raise it again in state court, *see Knaffla*, 243 N.W.2d at 741, and the claim is thus procedurally defaulted.   Further, Foster has failed to demonstrate cause and actual prejudice or a miscarriage of justice, and his claim under ground 14 must therefore be dismissed.

### H.   Abuse of Discretion in Denying an Evidentiary Hearing  (Ground 15)

Finally, Foster seeks federal habeas relief on the basis of the trial court's denial of an evidentiary hearing as requested in his second petition for post-conviction relief in February 2006.   The Magistrate Judge concluded that Foster identified this issue in his appeal to the Minnesota Court of Appeals, but failed to identify it as a federal claim. Foster objects, citing his cover letter to the court of appeals, which alleges:

> District Court Judge Pagliaccetti, abused his discretion, by not granting Appellants request in the postconviction petition for an evidentiary hearing, to supplement the record for claims of Ineffective assistance of Appellate Counsel for withholding Newly discovered evidence from Appellant.

(Short Letter Argument, Docket No. 32, Ex. 10.)   Here, Foster challenges the district court judge's abuse of discretion in denying an evidentiary hearing, but Foster does not cite a federal constitutional provision or federal authority for that argument.   The fact that Foster requested the hearing to create a record to support his ineffective assistance claims is irrelevant.   Because Foster did not fairly present any federal claim regarding the denial of an evidentiary hearing to the Minnesota Court of Appeals, Foster's fifteenth claim must be dismissed.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 38] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 28, 2009 [Docket No. 37]. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Respondent Joan Fabian's Motion to Dismiss [Docket No. 18] is **granted in part and denied** in part as follows:

 a.      Foster's Petition for Writ of Habeas Corpus [Docket No. 1] and First Amended Petition for Writ of Habeas Corpus [Docket No. 25] are **DISMISSED with prejudice** as to Grounds 1, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, and 15; and

 b.      Fabian's motion is **DENIED** in all other respects.

2.      Respondent Fabian is directed to file a memorandum of law addressing the merits of Foster's remaining claims for habeas relief (Grounds 2, 9, and 10) within twenty-one (21) days of the filing of this Order.

3.      Foster's trial counsel, Todd Deal, is invited to submit an affidavit responding to Foster's remaining ineffective assistance of counsel claim (Ground 2).  The Clerk of Court is **DIRECTED** to send a copy of this order to Todd Deal, Deal & Pineo, P.O. Box 1253, Virginia, MN 55792.


DATED:  March 31, 2009                    _____
at Minneapolis, Minnesota.                        s/ John R. Tunheim
                                                            JOHN R. TUNHEIM
                                                    United States District Judge